IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW ONYSHKO and JESSICA ONYSHKO h/w | : : : |
| Plaintiffs, | : |
| vs. | : |
| | : NO. 2:13-CV-01791 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | : : |
| | : |
| Defendant. | : |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, Defendant National Collegiate Athletic Association ("NCAA"), by its undersigned counsel, hereby submits its Motion To Dismiss For Lack Of Subject Matter Jurisdiction and states as follows:

1. Plaintiffs assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) and § 1332(c)(1) because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000. Plaintiffs allege that they are citizens of a state other than the state where the NCAA has its principal place of business. *See* Compl. ¶ 10, dkt. 1.

2. However, diversity jurisdiction is lacking here because this action is not exclusively between citizens of different States. 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of Pennsylvania; for the purposes of establishing diversity jurisdiction, the NCAA is also a citizen of Pennsylvania. Thus, there is no diversity of citizenship as required by 28 U.S.C. § 1332(a)(1).

3. As more fully set forth in the accompanying Memorandum, this Court lacks subject matter jurisdiction over this action, and this action must be dismissed without leave to file an amended complaint.  Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

WHEREFORE, the NCAA respectfully requests that this Court (i) grant this Motion; (ii) dismiss this action for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, without leave to file an amended complaint; and (iii) grant any further relief that this Court deems just and proper under the circumstances.

Respectfully Submitted,

**BLANK ROME LLP**

Date: June 16, 2014

   */s/ Robert E. Dapper, Jr.*
Arthur W. Hankin, ID No. 03964
Laurence Shtasel, ID No. 58528
Shira Roemer Greenbaum, ID No. 209163
One Logan Sq., 18th & Cherry Streets
Philadelphia, PA  19103
Phone: (215) 569-5500
*Lead Counsel for Defendant,*
*National Collegiate Athletic Association*
*Motions for Admission Pro Hac Vice Pending*

And

**DAPPER, BALDASARE,**
**BENSON, BEHLING & KANE, P.C.**
Robert E. Dapper, JR., ID No. 46378
Matthew A. Meyers, ID No. 202838
Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA  15222-1225
(412) 456-5555
*Co-Counsel for Defendant,*
*National Collegiate Athletic Association*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2014, a copy of Defendant National Collegiate Athletic Association's Motion to Dismiss for Lack of Subject Matter Jurisdiction was served via ECF and U.S. mail upon the following:

>Jason E. Luckasevic, Esquire
>Goldberg, Persky & White, P.C.
>1030 Fifth Avenue
>Pittsburgh, PA 15219
>*Counsel for Plaintiffs*

>*/s/ Robert E. Dapper, Jr.*
>Robert E. Dapper, Jr.