**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW ONYSHKO and JESSICA | : | |
| ONYSHKO | : | |
| h/w | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | NO. 2:13-CV-01791 |
| NATIONAL COLLEGIATE ATHLETIC | : | |
| ASSOCIATION | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION'S MOTION TO DISMISS PLAINTIFFS'
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant National Collegiate Athletic Association ("NCAA"), by its undersigned

counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the

Complaint of Plaintiffs Matthew Onyshko and Jessica Onyshko on the basis that this court lacks

subject matter jurisdiction.

**PRELIMINARY STATEMENT**

Plaintiffs' sole basis for bringing their Complaint in federal court is diversity jurisdiction

under 28 U.S.C. § 1332(a)(1), alleging that they are citizens of Pennsylvania and the NCAA is a

citizen of Indiana based on its principal place of business.  *See* Ex. A, Compl. at ¶¶ 10, 12-14.

The NCAA is not, however, a corporation; it is an unincorporated association whose citizenship

is determined by looking to the citizenship of each and all of its members.  Because the NCAA

has members in Pennsylvania (as well as in all other states) it is deemed to be a citizen of

Pennsylvania and, therefore, diversity in this case is lacking.

As there is no diversity jurisdiction in this case, and because amending the Complaint

could not cure the defect, the Court should dismiss for lack of subject matter jurisdiction without

leave to amend.  Fed. R. Civ. P. 12(h)(3).

## FACTUAL BACKGROUND

Plaintiffs Matthew Onyshko and Jessica Onyshko are citizens of Pennsylvania. *See* Compl. at ¶¶ 12-13. They filed a Complaint against the NCAA on December 17, 2013, alleging negligence and loss of consortium for injuries allegedly sustained by Matthew Onyshko which allegedly occurred as a result of his five-year collegiate football career playing for California University of Pennsylvania from 1999-2003.  *See id.* at ¶ 12.  The NCAA is an unincorporated association that addresses athletics and academic excellence at the collegiate level and is comprised of more than 1,100 members – including colleges, universities, and conferences – located in every state.  California University of Pennsylvania is a member of the Pennsylvania State System of Higher Education and is a member of the NCAA.

## ARGUMENT

### A.    Legal Standard

The federal court is granted "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000…and is between—[c]itizens of different States." 28 U.S.C. §1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d. Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.")).  A party may assert a defense of lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(h)(3). Further, Rule 12(h)(3) mandates that if a court at any time determines it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.      Plaintiffs Cannot Establish Diversity Jurisdiction**

For there to be diversity jurisdiction in federal court, Section 1332(a)(1) mandates that the matter be "between citizens of *different* states." 28 U.S.C. §1332(a)(1)(*emphasis added*). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant; therefore the key inquiry in establishing diversity jurisdiction is the citizenship of each party to the action. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.,* 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)).

The NCAA is an unincorporated association. *See* NCCA DIVISION II MANUAL, NCAA CONSTITUTION, Art. 4.02.1 (adopted Jan. 9, 1996, eff. Aug. 1, 1997) (The NCAA is "a diverse, voluntary, unincorporated Association of four-year colleges and universities, conferences, affiliated associations and other educational institutions."), relevant excerpt attached hereto as Exhibit B.[1]  Where jurisdiction is sought to be founded on diversity of citizenship, "the citizenship of all individual members [of the unincorporated association] must be shown to be wholly diverse from that of the opposing party[.]" *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008) (quoting *Underwood v. Maloney*, 256 F.2d 334, 338 (3d Cir. 1958)). The NCAA has many members that are citizens of Pennsylvania, including California University of Pennsylvania.  Indeed, the NCAA has members in all 50 states and thus is a citizen of every state. *See Parish v. NCAA*, 361 F. Supp. 1214, 1217 (W.D. La. 1973) ("NCAA is an unincorporated association having members in all States and is a citizen of all States, . . . thereby precluding citizenship diversity as a basis for jurisdiction in any Federal Court."); *Abraham v.*

---

[1] "Because a trial court's very power to hear a case is at issue in a factual 12(b)(1) motion, a court is free to weigh evidence beyond the plaintiff's allegations." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977)).

*NCAA*, No. 11-359, 2011 WL 1357469, at *2 n.1 (D. Ore. Apr. 11, 2011) ("[T]he citizenship of an unincorporated association is that of its members…the presence of even one NCAA member from [the same state as plaintiff] destroys diversity jurisdiction."); *Bowers v. NCAA*, 9 F. Supp. 2d 460, 470 n.5 (D. N.J. 1998) ("Bowers does not allege complete diversity of citizenship such that the Court could exercise jurisdiction over the [state-law] claim pursuant to 28 U.S.C. § 1332(a).  This would appear difficult, *if not impossible*, since Bowers is a citizen of New Jersey and several members of the NCAA are also citizens of New Jersey.") (emphasis added).

Thus, because Plaintiffs and the NCAA are all citizens of Pennsylvania, diversity is absent and this court does not have subject matter jurisdiction over this action.

## CONCLUSION

Plaintiffs cannot establish subject matter jurisdiction for this action, and therefore "the court must dismiss th[is] action." Fed. R. Civ. P. 12(h)(3).  Because any amendment would fail to establish jurisdiction, the Court should dismiss without leave to file an amended complaint.

Respectfully Submitted,

**BLANK ROME LLP**

___*/s/ Robert E. Dapper, Jr.*_____
Arthur W. Hankin, ID No. 03964
Laurence Shtasel, ID No. 58528
Shira Roemer Greenbaum, ID No. 209163
One Logan Sq., 18th & Cherry Streets
Philadelphia, PA  19103
Phone: (215) 569-5500
*Lead Counsel for Defendant,*
*National Collegiate Athletic Association*
*Motions for Admission Pro Hac Vice Pending*

Date: June 16, 2014

And

**DAPPER, BALDASARE,**
**BENSON, BEHLING & KANE, P.C.**
Robert E. Dapper, JR., ID No. 46378

Matthew A. Meyers, ID No. 202838
Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA  15222-1225
(412) 456-5555
*Co-Counsel for Defendant,*
*National Collegiate Athletic Association*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 16, 2014, a copy of Defendant National

Collegiate Athletic Association's Memorandum of Law in Support of Motion to Dismiss for

Lack of Subject Matter Jurisdiction was served via ECF and U.S. mail upon the following:

Jason E. Luckasevic, Esquire
Goldberg, Persky & White, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219
*Counsel for Plaintiffs*

*/s/ Robert E. Dapper, Jr.*
Robert E. Dapper, Jr.